CYRIL J. MOGAB, PLAINTIFF-APPELLEE, v. ANTRIM MOTOR COMPANY AND ATLANTIC MOTOR FINANCE COMPANY, BOTH CORPORATIONS OF THE STATE OF NEW JERSEY (JOINTLY, SEVERALLY AND IN THE ALTERNATIVE), DEFENDANTS-APPELLANTS.

Argued May 1, 1928—Decided December 7, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellants, *Thompson & Hanstein.*

For the appellee, *George T. Naame* and *Paul M. Salzburg.*

PER CURIAM.

This is an appeal from a judgment of the Atlantic City District Court entered by the trial judge, sitting without a jury, in favor of the plaintiff against the Antrim Motor Company and the Atlantic Motor Finance Company, for damages for fraud and misrepresentation made in the sale of an automobile. The defendants appeal.

At the trial the facts as found by the judge, upon ample evidence, established the following matters:

The Antrim Motor Company, being the owner of the automobile in question, invited the plaintiff to the second floor of

its place of business to examine such automobile, the plaintiff having first been interested in one on the first floor of the Antrim company's building. The machine on the first floor pleased the plaintiff and he was ready to purchase the same when the company's salesman told him that that particular machine was sold, but that there was one on the second floor which was better and could be sold to him at even a better price. It was represented to him also that this price was below the standard sales price and that the model on the second floor was the same as that on the first floor, namely, 1925. The plaintiff then agreed to purchase the automobile on the second floor on installments. In order to do so the other defendant the Atlantic Motor Finance Company became a party as vendor, under a conditional sales agreement. In this agreement it was also represented that the model of the car was 1925 and its serial number also was changed to meet the condition of a 1925 model. Plaintiff took the car and retained it in his possession, making a number of payments under the conditional sales agreement, when the plaintiff's brother, an automobile salesman, examined the car and found the markings of the serial number and model at variance with those set forth in the bill of sale. It was also found that the car was of the year 1924 and of less value than a 1925 car. When this was discovered plaintiff refused to make further payments and demanded an allowance for the difference between the value of the two cars. This defendants refused to do, and the Atlantic Motor Finance Company took possession of the car. This suit resulted after such loss of the car by the plaintiff.

The grounds urged for reversal are that the judge erred in refusing a nonsuit or directing a verdict for the defendants; that interest was included in the judgment; that the complaint fails to set up a cause of action against either company; that there was no evidence of fraud on the part of either company; that no joint judgment would lie against the defendants.

In our judgment there is no merit in any of these grounds of appeal. We think there was ample evidence of fraud on

the part of both the motor company and the finance company; the first acting through its agents, misrepresented the model and value of the car actually being sold, and this misrepresentation was adopted by the finance company when it falsely inserted the stipulation in the contract as to serial number and model. Therefore, we think that neither the motions for nonsuit or direction could have been granted. For the same reason we think it is not tenable that the complaint is insufficient.

As to the point that interest was included, it is sufficient to say that this does not appear in the record of the judgment as returned to us. And in view of this fact we are not disposed to consider what is the effect of the stipulation of counsel as to the action of the clerk in entering the judgment.

Nor do we think there is any merit in the final point that there was no concert of action between the parties defendant. It seems to us that a jury, and consequently the judge sitting as such, was entitled to find that the parties defendant were actuated by the common purpose to unload this inferior car on the plaintiff at a superior price, and as part and parcel of this scheme the one conceived the misrepresentation and made it, and the other adopted and ratified it.

The judgment is affirmed, with costs.